UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHNNY E. JONES,

       Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security,

       Defendant.

Case No. 2:18-cv-2206
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Johnny E. Jones for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's application.[1] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

**I.      PROCEDURAL HISTORY**

Plaintiff filed applications for disability insurance benefits and supplemental security income on July 22, 2013, and March 23, 2015, respectively, alleging that he has been disabled

---

[1] Andrew Saul, the current Commissioner of Social Security, is substituted as Defendant in his official capacity.

1

since an alleged onset date of January 22, 2013,[2] based on a number of physical and mental impairments. R. 189–91, 198–203. Plaintiff's applications were denied initially and upon reconsideration. R. 125–29, 131–36. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 137–38. Administrative Law Judge Douglass Alvarado ("ALJ") held a hearing on February 12, 2016, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert. R. 55–94. In a decision dated June 24, 2016, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from February 28, 2013, the alleged disability onset date, through the date of that decision. R. 34–54. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on December 21, 2017. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On June 26, 2018, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 10.[3] On March 11, 2020, the case was reassigned to the undersigned. ECF No. 31.

On August 12, 2020, the Court granted Defendant's request to redact the administrative record, *see Letter from Commissioner*, ECF No. 28, to remove from the record certain medical records relating to someone other than Plaintiff (Exhibit 17 F, R. 901–917), which had been inadvertently co-mingled with Plaintiff's medical records while the matter was pending before the ALJ. *Order*, ECF No. 34. In light of this redaction, the Court also granted Plaintiff additional

---

[2] Plaintiff later amended the alleged onset of disability date to February 28, 2013. R. 34.

[3] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

2

time to file a reply, *Order*, ECF No. 33, which was subsequently filed on August 20, 2020. *Plaintiff's Reply*, ECF No. 30. The matter is now ripe for disposition.

## II. LEGAL STANDARD

### A. Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018). Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or

substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an

4

expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter*, 650 F.2d at 482. Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully

5

developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See*, *e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

### B. Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

Plaintiff was born on December 20, 1965. R. 189. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017. R. 36. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2013, his amended alleged onset date. *Id*.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: spine disorder; degenerative joint disease of right hip; depression; and anxiety. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 36–37.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various exertional and non-exertional limitations. R. 38–46. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a forklift operator but did permit the performance of Plaintiff's past relevant work as an office worker as that work is generally performed. R. 46. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from February 28, 2013, his alleged onset date, through the date of his decision. R. *Id*.

## IV. DISCUSSION

Plaintiff challenges the ALJ's RFC determination at step four. *Plaintiff's Brief,* ECF No. 26; *Plaintiff's Reply*, ECF No. 35.[4] A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is the ALJ who is charged with determining a claimant's RFC. 20 C.F.R. §§ 404.1527(e), 404.1546(c), 416.927(e), 416.946(c); *see also Chandler*, 667 F.3d at 361 ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, an ALJ has the duty to consider all the evidence. *Plummer,* 186 F.3d at 429. However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak*, 777 F.3d at 615 (stating that the ALJ has discretion to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not

---

[4] Plaintiff also challenges the ALJ's determination at step three. However, in light of this Court's resolution of the matter at step four, the Court declines to consider this issue.

8

unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

Here, the ALJ determined that Plaintiff had the RFC to perform light work with certain additional limitations:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(B) and 416.967(b) except the claimant must be able to stand and stretch at the workstation after 30 minutes of sitting, and be able to sit for 1-5 minutes at the workstation after 30 minutes of standing or walking. The claimant is able to understand, remember and carry out simple instructions with only occasional changes to essential job functions. The claimant is able to make simple work-related decisions.

R. 38. Plaintiff, a middle-aged man, argues that this RFC determination lacks substantial support in the evidence because, *inter alia*, the ALJ erroneously relied on the medical records, now redacted, of a teenager, Exhibit 17F, R. 901–17. *Plaintiff's Reply*, ECF No. 35. In fact, the ALJ considered this evidence as follows:

> At the hearing, the claimant testified that he has constant and chronic lower back pain and severe pain in his right knee. He uses a cane for ambulation, albeit the cane does not appear to have been prescribed by a physician. The claimant also reported right arm, elbow and hand pain, rated 8 ½ out of 10 on a pain scale. He cannot bend or reach overhead. He has difficulty sleeping and must put pillows under his knees. He estimated that he could sit for 15 minutes, stand for 10 minutes, and walk 1 to 1 ½ blocks. He can probably lift, but not carry, 1 gallon with his left hand, but not with this [sic] right. The claimant testified that he has hot flashes and sweats several times per day. He feels anxious and depressed about not being able to do what he used to do. The claimant indicated that his wife has to help him with personal care. She performs all household chores, including cooking and cleaning. He testified that he sits most of the day. *However, I note that, despite all of the claimant's reported pain and illness in joints and back, he suffered an injury to [his] left pinky finger while playing basketball on January 15, 2014, and underwent corrective surgery on the left hand on January 22, 2013 (Exhibit 17F).* The claimant takes multiple pain medications from various providers, and has an extensive treatment history of multiple treatment modalities and even surgical intervention. However, despite the claimant's testimony to the contrary, the medical records do

9

> no support greater limitations than those noted in the established residual functional capacity.

R. 38–39 (emphasis added). Plaintiff argues that the ALJ noted this improper evidence and that it is impossible to know to what extent the ALJ relied on this evidence to apparently find that Plaintiff may have exaggerated the effects of his orthopedic and neurological pathologies by virtue of his desire and ability to play basketball. *Plaintiff's Reply*, ECF No. 35, p. 2.

This Court agrees. Although the Court of Appeals for the Third Circuit has found that the mistaken inclusion of a non-party's medical records in the administrative record may constitute harmless error, *see Melle v. Barnhart*, 64 F. App'x 848 (3d Cir. 2003), this Court cannot conclude that such error was harmless in this case. Here, in considering the subjective complaints and determining the RFC of a 50 year old claimant, the ALJ expressly relied on the records relating to a teenager and which reflected an ability to play basketball and corrective hand surgery. R. 38–39. In light of this mistake, the Court cannot, based on the present record, conclude that substantial evidence supports the ALJ's determination. *See Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008) (finding the ALJ's decision was not supported by substantial evidence when it was based on mistakes and mischaracterization of evidence); *Bouchard v. Colvin*, No. CIV. 13-5283, 2014 WL 7011190, at *8–9 (D.N.J. Dec. 11, 2014) ("If the ALJ mistakenly interpreted the medical evidence, however, such a mistake of fact could have affected his assessment of Plaintiff's subjective complaints of pain and her associated subjective limitations. Accordingly, this matter must be remanded to the ALJ for further consideration of PT Reynolds' notes."); *Smith-Chonko v. Colvin*, No. CIV.A. 12–1301, 2013 WL 3772521, at *2

(W.D. Pa. July 17, 2013) (concluding "that the ALJ's reliance on . . . records [related to a third-party individual] has infected the decision with error that cannot be ignored").[5]

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  August 28, 2020                             *s/Norah McCann King*
                                                  NORAH McCANN KING
                                                  UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff asserts other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Plaintiff's RFC and subjective complaints, the Court need not and does not consider those claims.

11